# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8027 | **DATE** | 11/17/2011 |
| **CASE TITLE** | Jackson vs. Marshall's Store | | |

**DOCKET ENTRY TEXT**

Motion for leave to proceed in forma pauperis [4] and for appointment of counsel [5] are denied.

■[ For further details see text below.]        Docketing to mail notices.

## STATEMENT

    Plaintiff Henry Jackson moves the Court to proceed *in forma pauperis* (IFP) without the full prepayment of filing fees and for appointment of counsel. Jackson's complaint alleges that his former employer, Marshall's Store, discriminated against him on the basis of his race in violation of federal employment discrimination laws. Though his specific allegations are not detailed, he alleges he was treated differently than white employees.

    Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Jackson to proceed IFP if he is unable to pay the mandated court fees. Jackson need not be penniless in order to proceed in forma pauperis under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed IFP if payment of the filing fee will prevent him from providing life's necessities. *See id.* According to his financial affidavit, Jackson is unemployed, and receives $974 in Social Security benefits each month. Jackson's only other asset is $5000 in equity in a car that requires monthly payments of $442. Jackson lists no other significant debts or liabilities. Because Jackson appears to have no income other than minimal Social Security payments and has few, his financial affidavit adequately sets forth his inability to pay the mandated court fees.

    The Court, however, must look beyond Jackson' financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed IFP and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Jackson alleges that his former employer discriminated against him based on his race in a form complaint filed November 10, 2011. Jackson filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") and attaches a right to sue letter dated August 10, 2011 to his complaint. In his complaint, Jackson alleges that he received the letter the next day, August 11,

| STATEMENT |
|---|

2011. (*See* Doc. 1 at ¶ 8(b).) Employment discrimination claims must be brought within 90 days after receiving the right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Dandy v. United Parcel Serv.*, 388 F.3d 263, 270 (7th Cir. 2004) (claims not filed within 90 days following receipt of right-to-sue letters are "not properly before" the court). Courts strictly enforce this 90 day period. *See e.g., Jackson v. Fed. Bur. of Investigation*, No. 02 C 3957, 2007 WL 2492069, at *5 (N.D. Ill. Aug. 28, 2007) (noting "[t]he time limit is not flexible, even for pro se litigants, and a one-day delay is fatal.") Based on Jackson's allegations, he filed suit 91 days after he received the right to sue letter, calculated as follows: not counting August 11, 20 days in August, 30 in September, 31 in October, and 10 in November. Jackson's complaint is therefore time-barred and his case dismissed.

Jackson has also filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Civil litigants in federal court do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Whether to appoint counsel for a civil litigant is a matter left to the district court's discretion. *See Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). Because Jackson's claims are time-barred, he does not require the assistance of counsel in prosecuting this action and his motion for appointment of counsel is denied.